Dykman, J.
This action was brought by the plaintiff, as a tax-payer of Queens county, under chapter 531 of the Laws of 1881, against the supervisor of the town of Newtown, to restrain the payment of certain bills presented by the highway commissioners of that town. The action was tried before a judge at special term, without a jury, and resulted in a judgment in favor of the defendant, from which the plaintiff has appealed; and there is also an appeal from an order allowing Michael Toner, who claimed to be an assignee of the claim of Daniel Hickey, one of the highway commissioners, to come in and defend the action. So far as the legal status of the plaintiff is concerned, the action was properly brought, but the difficulty was that the proof did not bring the case within the statute under which the action was prosecuted. All the formal facts requisite were found by the trial judge, but he refused to find that the bills of the highway commissioners were not audited by the board of town auditors, or that the alleged board of audit were not legally constituted, or that there was no board of town audit in the town of Newtown legally constituted or entitled to act as such, or to pass upon, audit, or allow bills, or that the alleged audit of bills so presented was illegal or void, or that the bills in question were unjust, inequitable, or exorbitant, or fraudulent, or that the commissioners had failed to fulfill their duties in respect to the rendition of their reports to the board of audit, or that the payment of the bills in question would work harm or injury to the plaintiff; and he did find all such facts substantially in favor of the regularity of the charges of the highway commissioners, and in favor of the legality of the conduct of the town officers, which was brought under review by the action. It was the view of the trial judge that the auditors constituted a defacto board, and *152 that they acted in good faith. Our examination leads us to the eonclusion reached by the trial judge. The evidence discloses no abuses such as those set up in the complaint, and it seems to be a case where the plaintiff has failed entirely to sustain his action by proof. The judgment and order should therefore be affirmed, with costs. No costs on the appeal from the order.